## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JEMIMA MONYENYE BOSIRE,** | ) | |
| **minor son JOHN BOSIRE, and** | ) | |
| **BERNARD BOSIRE, husband, father** | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | **FILE NO. 1:14-CV-02604** |
| **v.** | ) | |
| **THE KROGER COMPANY, and** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant** | ) | |
| _____ | ) | |

Motion for Partial Summary Judgment as to Kroger's Constructive Knowledge

Come now Plaintiffs who move the Court pursuant to Federal Rule of Civil Procedure 56 to issue partial summary judgment on The Kroger Company's constructive knowledge of the hazard.  Judgment should be entered in favor of Plaintiffs because the material facts of constructive knowledge are undisputed, and Plaintiff is entitled to judgment as a matter of law on that issue.

Respectfully submitted this the 3rd day of June, 2015.

JEFFREY SCOTT, LLP

By:_____ Jeffrey E Gewirtz_____
        Jeffrey E. Gewirtz, Esq.
        Georgia Bar No. 292434
        *Counsel for Plaintiffs*

Post Office Box 4668
Routing Number 19024
New York, New York 10163
(678) 613-3807
(888) 387-7132-fax

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed PLAINTIFF'S MOTION AND BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record

This the 3rd day of June, 2015.           JEFFREY SCOTT, LLP


                                          By:_____Jeffrey E Gewirtz_____
                                              Jeffrey E. Gewirtz, Esq.
                                              Georgia Bar No. 292434
Post Office Box 4668                          ***Counsel for Plaintiffs***
Routing Number 19024
New York, New York 10163
(678) 613-3807
(888) 387-7132-fax

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JEMIMA MONYENYE BOSIRE,     )
minor son JOHN BOSIRE, and     )
BERNARD BOSIRE, husband, father   )
Plaintiffs,     )     **CIVIL ACTION**
    )     **FILE NO. 1:14-CV-02604**
v.     )
THE KROGER COMPANY, and     )
    )     **Jury Trial Demanded**
Defendant     )
_____ )

Motion for Partial Summary Judgment as to Kroger's Constructive Knowledge

## TABLE OF CONTENTS

Motion for Partial Summary Judgment as to Kroger's Constructive Knowledge…1

Summary Judgment Standard…………………………………………………3

Argument and Citation of Authority……………………………………………4

Constructive Knowledge……………………………………………………..5

Part (i) – Within Immediate Area, Could Have Seen Hazard……………………6

Our Facts meet this 'Could Have Seen Hazard' Threshold ……………………..7

Part (ii) The Other Method of Proving Constructive Knowledge- Using Reason…9

Unreasonable / Faulty Inspection Procedure ……………………………………10

Recitation of Liability  ……………………………………………………12

(1) Defendant had constructive knowledge of the hazard; and

(2) the plaintiff, despite exercising ordinary care for her own personal safety, lacked knowledge of the hazard.

Conclusion and Prayer for Relief……………………………………………16

TABLE OF EXHIBITS

Exhibit A:   Statement of Material Facts

Exhibit B:   Deposition of Kroger Co-Manager Jessica Curry and Exhibits to her
deposition, Exhibits 1-17

Exhibit C:   Kroger Health & Safety STAR Program, page 0000038 of Kroger
document production to Plaintiffs


TABLE OF AUTHORITIES

*Robinson v. Kroger Co.,* 268 Ga. 735, 748-49, 493 S.E.2d 403 (1997)………..…1

*Alterman Foods, Inc. v. Ligon,* 246 Ga. 620, 623, 272 S.E.2d 327 (1980). ……..1

*Watkins v. Home Depot U.S.A., Inc.,* 259 Ga.App. 168, 169, 576 S.E.2d 563
(2002)……… ……………………………………………………….…2, 5

*Roberson v. Winn-Dixie Atlanta, Inc.,* 247 Ga.App. 825, 825-26, 544 S.E.2d 494
(2001)……………………………………………………………………….2, 6, 9

*Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992)
………………………………………………………………………………...3

*Mercantile Bank & Trust v. Fidelity & Deposit Co.,* 750 F.2d 838, 841 (11th Cir.
1985)………………………………………………………………..…………3

*Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002)………...4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)…..4

*Am. Multi-Cinema, Inc. v. Brown,* 285 Ga. 442, 444, 679 S.E.2d 25, 28 (2009). …4

*Robinson v. Kroger Co.*, 493 S.E.2d 403, 414 (Ga. 1997…………………………4

*Drew v. Istar Fin., Inc.*, 661 S.E.2d 686, 689 (Ga. Ct. App. 2008)………………..5

*Hardee's Food Systems v. Green,* 232 Ga.App. 864, 866(2), 502 S.E.2d 738
(1998)… …………………………………………………………………….5, 7, 12

*Alterman Foods v. Ligon,* 246 Ga. 620, 272 S.E.2d 327…………………………6

*Coffey v. Wal-Mart Stores, Inc.*, 482 S.E.2d 720, 224 Ga.App. 824 (Ga. App.,
1997)……………………………………………………………………6, 12

*Mitchell v. Rainey*, 187 Ga.App. 510, 512, 370 S.E.2d 673……………….…6

*Mitchell v. Food Giant*, 176 Ga.App. 705, 709, 337 S.E.2d 353………………7

*Dix v. Kroger Co.*, 257 Ga.App. at 21, 570 SE 2d 89 - Ga: Court of Appeals 2002…...………………………………………………………………..7, 8

*Bolton v. Wal-Mart Stores, Inc.*, 257 Ga.App. 198, 570 S.E.2d 643 (Ga. App., 2002). ………………………………………………………………...…8

*Deal v. Children's World Learning Centers*…………………………………… 8

*Wentworth v. Eckerd Corp.,* 248 Ga.App. 94, 95, 545 S.E.2d 647 (2001)………9

*Roberson v. Winn-Dixie Atlanta,* 247 Ga.App. 825, 544 S.E.2d 494 (2001)…….9

*Kitchens v. Restaurant Mgmt. Svcs.,* 192 Ga.App. 313, 314, 385 S.E.2d 11 (1989)………………………………………………………………………………9

*Wallace v. Wal-Mart Stores, Inc.*, 612 S.E.2d 528, 272 Ga. App. 343 (Ga. App., 2005)………………………………………………………………….....10

*Webster v. S. Family Markets of Milledgeville N. LLC*, No. 5:11-cv-53, 2012 WL 426017, at *5 (M.D. Ga. Feb. 9, 2012)…………………………………………...10

*Davis v. Bruno's Supermarkets, Inc.*, 587 S.E.2d 279 (Ga. Ct. App. 2003)…..…10

*Benefield v. Tominich.*, 308 Ga.App. 605, 708 S.E.2d 563 (Ga. App., 2011)..…10

*Valentin v. Six Flags over Georgia, L.P.,,* 649 S.E.2d 809, 286 Ga. App. 508 (Ga. App., 2007). ………………………………………………………….…10, 11

*Quarles v. Ga. Svc. Systems,* 263 Ga.App. 563, 565, 588 S.E.2d 338 (2003……10

*Ingles Markets v. Martin,* 236 Ga.App. 810, 812, 513 S.E.2d 536 (1999)………10

*Straughter v. J.H. Harvey, Co.,* 232 Ga.App. 29(1), 30-31(1), 500 S.E.2d 353 (1998)……………………………………………………….……………..11

*Kroger Co. v. Schoenhoff*, 751 SE 2d 438 - Ga: Court of Appeals 2013……..12-13

*Mock v. Kroger Co.*, 598 SE 2d 789 - Ga: Court of Appeals 2004…………..13-14

*Bruno's Food Stores v. Taylor,* 228 Ga. App. 439, 443-444(2), 491 S.E.2d 881 (1997) ………………………………………………………………………..14

*Lipham v. Federated Dept. Stores,* 263Ga. 865, 440 S.E.2d 193 (1994)……..…14

*Greenforest Baptist Church v. Shropshire,* 221 Ga. App. 465, 471 SE 2d 547 (1996)……………………………………………………………………...14

*Wade v. Mitchell,* 206 **Ga**.App. 265, 424 **S.E.2d** 810 (1992)……………………14

*Ga. Power Co. v. Deese,* 78 Ga.App. 704, 707, 51 S.E.2d 724 (1949)…………..14

*Clinton v. Gunn-Willis Lumber Co.,* 77 Ga.App. 643, 49S.E.2d 143 (1948) ……14

*Lipham v. Federated Dept. Stores,* 263 Ga. 865, 440 S.E.2d 193 (1994)……….14

*Wade v. Mitchell,* 206 Ga.App. 265, 424 S.E.2d 810 (1992)……………………14

*American Nat. Bank of Brunswick v. Howard,* 117 Ga.App. 834, 161 S.E.2d 838 (1968)…………………………………………………………...…………15

STATUTES

Fed. R. Civ. Proc. 56(c)…………………………………………………………..3

Fed. R. Civ. Proc. Rule 56(a) …………………………………..……………4

O.C.G.A. § 51-3-1…………………………………………………………………4

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JEMIMA MONYENYE BOSIRE,     )
minor son JOHN BOSIRE, and     )
BERNARD BOSIRE, husband, father  )
Plaintiffs,                       )     **CIVIL ACTION**
                                   )     **FILE NO. 1:14-CV-02604**
v.                              )
THE KROGER COMPANY, and     )
                                 )     **Jury Trial Demanded**
Defendant                   )
_____ )

Motion for Partial Summary Judgment as to Kroger's Constructive Knowledge

Judgment should be entered in favor of Plaintiff on the issue of liability because the material facts of constructive knowledge are undisputed, and Plaintiff is entitled to judgment as a matter of law on that issue.

To recover for injuries sustained in a slip and fall action under Georgia law, a plaintiff must prove (1) that the defendant had either actual or constructive knowledge of the hazard and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care; in other words that the fall was due to actions or conditions within the defendant's control. *See Robinson v. Kroger Co.,* 268 Ga. 735, 748-49, 493 S.E.2d 403 (1997); *Alterman Foods, Inc. v. Ligon,* 246 Ga. 620, 623, 272 S.E.2d 327 (1980).

A plaintiff can show a defendant's constructive knowledge if the plaintiff can demonstrate (1) an employee was in the vicinity and could have easily seen and removed the hazard or (2) the hazard was present long enough that it would have been discovered through an inspection taken with reasonable care. *See, Watkins v. Home Depot U.S.A., Inc.,* 259 Ga.App. 168, 169, 576 S.E.2d 563 (2002); *Roberson v. Winn-Dixie Atlanta, Inc.,* 247 Ga.App. 825, 825-26, 544 S.E.2d 494 (2001).

Plaintiff is able to make a prima facie case against Kroger for Kroger's constructive knowledge of the hazard as a Kroger employee was in the very close vicinity of where the fall occurred and could have and should have seen and removed the hazard- Kroger admits its employee Greg Merwitz was in the vicinity prior to the fall (Statement of Material Facts (hereinafter "SMF") Paragraphs 15-17) and that prior to Merwitz's appearance on the scene another customer noticed and looked down at the sticky substance on her shoe after she stepped in it (SMF 13-14); surveillance video shows and Kroger admits employee Merwitz did not take the time to turn and sweep the perpendicular aisle ahead of him (in between the tables) (SMF 15-17); Kroger admits its Florr Inspection tracking mechanism was not working properly on the day of the incident (SMF 21); Kroger admits employees are left to their own devices to sweep in whatever fashion they choose and employees choose the order, course, and direction of sweeping (SMF 22-24);

sweeping employees are not supervised, or surveilled (despite surveillance system in manager's office), and Kroger's co-manager would not/does not checkup on who was the floor inspector after a customer or employee falls and even if she did a Kroger special needs associate is the only employee the clocking device registers (SMF 22-24)); further as provided in the statement of material facts for which there is no genuine issue to be tried Kroger chooses not to have an employee follow the garbage cart to ensure no hazard remains even when the garbage the cart is hauling a larger than usual load and is traveling without straps (as required by Kroger's policy on cart straps) (SMF 6-9, 12, 19, 23).

Therefore based on the above, summary adjudication is allowed and proper.

Summary Judgment Standard

Summary judgment is proper if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. Proc. 56(c).  "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.,* 750 F.2d 838, 841 (11th Cir. 1985).

As shown here, based on the undisputed facts, reasonable minds will not differ on Kroger's constructive knowledge of the hazard prior-to the fall.

In resolving a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in the light most favorable to the non-moving party. See *Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment is granted." (Once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts." Id.)

Argument and Citation of Authority

Under Georgia law, if "an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." *Am. Multi-Cinema, Inc. v. Brown,* 285 Ga. 442, 444, 679 S.E.2d 25, 28 (2009) citing O.C.G.A. § 51-3-1.

"The true ground of liability is the owner or occupier's superior knowledge of the hazard and the danger therefrom." *Robinson v. Kroger Co.*, 493 S.E.2d 403, 414 (Ga. 1997). "Whether a hazardous condition exists is the threshold question in

4

a slip and fall case." *Drew v. Istar Fin., Inc.*, 661 S.E.2d 686, 689 (Ga. Ct. App. 2008).

Kroger had constructive knowledge of the hazard in this case because there was a Kroger employee in the close vicinity who had an unobstructed view of the aisle and could have remedied the existing hazard.  Defendant also did not follow reasonable or proper inspection procedures on the date in question.  Finally, Plaintiffs raise an issue of poor supervision and actual knowledge.  Each will be addressed in turn.

Constructive Knowledge

Constructive knowledge can be shown in either of two ways: (i) by presenting evidence that an employee of the defendant was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard; or (ii) by presenting evidence that the substance was on the floor for such a time that (a) it would have been discovered had the proprietor exercised reasonable care in inspecting the premises and (b) upon being discovered, the substance would have been cleaned up had the proprietor exercised reasonable care in cleaning the premises. *Hardee's Food Systems v. Green,* 232 Ga.App. 864, 866(2), 502 S.E.2d 738 (1998) and see, *e.g., Watkins v. Home Depot U.S.A.,*

*Inc.,* 259 Ga.App. 168, 169, 576 S.E.2d 563 (2002); *Roberson v. Winn-Dixie Atlanta, Inc.,* 247 Ga.App. 825, 825-26, 544 S.E.2d 494 (2001).

Constructive Knowing Part (i) – Within Immediate Area, Could Have Seen Hazard

In *Alterman Foods*[1], the Supreme Court reiterated that to prevail, a plaintiff must show that the owner or proprietor "was aware of the substance or would have known of its presence had he exercised reasonable care ... …the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard." *Coffey v. Wal-Mart Stores, Inc.*, 482 S.E.2d 720, 224 Ga.App. 824 (Ga. App., 1997) citing *Alterman* at 622, 272 S.E.2d 327.

In other words under our law, an employee merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it. *Alterman Foods v. Ligon*, supra at 622, 272 S.E.2d 327; *Mitchell v. Rainey*, 187 Ga.App. 510,

---

[1] The standard of proof necessary to establish liability on the part of a proprietor in slip and fall cases involving foreign substances on floors is set forth in *Alterman Foods v. Ligon*, 246 Ga. 620, 272 S.E.2d 327, in which our Supreme Court "clarified the policy considerations and respective duties imposed on the parties" (Adams & Adams, Ga. Law of Torts (1996 ed.), § 4-6, p. 123-124) because "[t]he cases have tended to drift toward a jury issue in every 'slip and fall' case." *Alterman Foods*, supra at 621, 272 S.E.2d 327.

512, 370 S.E.2d 673, citing *Mitchell v. Food Giant*, 176 Ga.App. 705, 709, 337

S.E.2d 353.  ("constructive knowledge is inferred [because of] evidence that an

employee was in the immediate vicinity of the dangerous condition *and* could have

easily discovered and removed the hazard." *Hardee's Food Systems, Inc. v. Green*,

502 SE 2d 738 - Ga: Court of Appeals 1998).

<u>Facts present meet this 'Could Have Seen Hazard' Threshold</u>

In our case no one disputes how close the sweeper came to sweeping the

hazard- that he 'could have' seen it.  The surveillance of him within 5 feet of where

the garbage cart dropped something, where the lady dressed in white top was when

she stepped on the sticky substance and then checked her foot, and where the

Plaintiff then fell.  See SMF Paragraphs2-20 and Exhibits 9-16 to Curry Depo.

Not only was Kroger's employee in the immediate vicinity but all he had to do was

take an extra few seconds and an extra one step to turn the corner to sweep the

perpendicular aisle rather than pass it by.

*Dix v. Kroger Co.* is an example of a plaintiff's presenting similar, but even

less compelling location / 'could have' evidence. *Dix v. Kroger Co.*, 570 SE 2d 89

- Ga: Court of Appeals 2002.  In *Dix,* the plaintiff slipped on a grape in the

defendant store's produce department. Id. at 19, 570 S.E.2d 89. Less than five

minutes before the accident, a store employee had inspected the area in question.

Id. at 19-20, 570 S.E.2d 89. Plaintiff also showed that three store employees were working at a service counter some 20-25 feet away and had an unobstructed view of the area where the fall occurred. Id. Plaintiff testified that it was possible that the grape was visible on the floor. Id. at 20, 570 S.E.2d 89. This evidence was enough for constructive knowledge of the hazard. Id. at 21-22, 570 S.E.2d 89.

In *Bolton v. Wal-Mart Stores, Inc.*, as in *Dix,* some evidence showed that an employee had inspected the area only minutes prior to the accident. *Bolton v. Wal-Mart Stores, Inc.*, 257 Ga.App. 198, 570 S.E.2d 643 (Ga. App., 2002).  The evidence also showed that three employees were within a short distance (seven feet) of the area where the accident occurred and were facing that area. The Court ruled those employees had a clear, unobstructed view of that floor area.  Indeed, another employee testified that "if there was something on the floor where ... [plaintiff] had fallen, if there was anything there[,] they would have been able to see it from the cashier." *Bolton*.  Because the employees 'could have' seen the hazard, this evidences constructive knowledge.  See *id*. citing *Dix v. Kroger Co.,* 257 Ga.App. at 21, 570 S.E.2d 89; *Deal v. Children's World Learning Centers* (employee facing area of puddle was only three feet away and such distance constitutes constructive knowledge).

This case presents not just 'could have' but also 'should have' open and obvious evidence; in our case the woman in the white top notices the sticky

substance on her foot before the sweeper gets to the location but despite the fact that it his job to look out for this type of floor hazard he still skips over it.  If the lady noticed the sticky substance then the employee charged with looking for hazards 'should have' noticed it too.  Plus here there is actual knowledge that garbage carts are messy, garbage carts require cart straps, and Kroger could very feasibly have more than only one of their 25 employees on the floor take out the garbage and ensure the garbage cart's wake is clear and no residue has leaked; Kroger chooses not to do that, and chooses not to block off the aisle during garbage removal- the garbage cart in fact waits and is repositioned to accommodate re-stocking of merchandise, not the other way around as it should be.  SMF 4, Exhibit 8 to Curry Depo.

Part (ii) The Other Method of Proving Constructive Knowledge- Using Reason

Aside from showing an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct, Constructive knowledge may also be shown when the substance had been on the floor for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises. See, e.g., *Wentworth v. Eckerd Corp.,* 248 Ga.App. 94, 95, 545 S.E.2d 647 (2001); *Roberson v. Winn-Dixie Atlanta,* 247 Ga.App. 825, 544 S.E.2d 494 (2001); and see *Kitchens v. Restaurant Mgmt. Svcs.,* 192 Ga.App. 313, 314, 385 S.E.2d 11 (1989)

Unreasonable / Faulty Inspection Procedure

"Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was **actually carried out at the time of the incident**".  *Wallace v. Wal-Mart Stores, Inc.*, 612 S.E.2d 528, 272 Ga. App. 343 (Ga. App., 2005) emphasis added; see also *Webster v. S. Family Markets of Milledgeville N. LLC*, No. 5:11-cv-53, 2012 WL 426017, at *5 (M.D. Ga. Feb. 9, 2012) (citing *Davis v. Bruno's Supermarkets, Inc.*, 587 S.E.2d 279 (Ga. Ct. App. 2003)); see *Benefield v. Tominich*., 308 Ga.App. 605, 708 S.E.2d 563 (Ga. App., 2011)  "**[t]he evidence must establish an adherence to customary inspection procedures on the day in question and not simply that such procedures exist.**" *Valentin,* 286 Ga.App. at 511, 649 S.E.2d 809; *see Quarles v. Ga. Svc. Systems,* 263 Ga.App. 563, 565, 588 S.E.2d 338 (2003) (same); *Ingles Markets v. Martin,* 236 Ga.App. 810, 812, 513 S.E.2d 536 (1999) (same); *Davis v. Bruno's Supermarkets, Inc*., 587 S.E.2d 279, 263 Ga. App. 147 (Ga. App., 2003) (Because the store failed to present evidence of reasonable inspection procedures, Davis has the benefit of an inference of the store's constructive knowledge of the hazard).

Kroger admits the Floor Inspection mechanism was not working on the day of the Mrs. Monyenye Bosire's fall down.  SMF 15; Exhibit 6-7 of Curry Depo. Maureen Merola did not do the inspections and that on the day in question and Kroger cannot establish adherence to customary inspection because the clock-in machine documenting who did the Floor Inspection was not working properly.  Id., SMF 21, Curry Depo Page 55.

In *Valentin v. Six Flags over Georgia, L.P.*, Six Flags' operations manager explained the general inspection procedure for checking the safety of the ride and the surrounding area. 649 S.E.2d 809, 286 Ga. App. 508 (Ga. App., 2007). However, he could not attest that there had been adherence to that inspection procedure on the day of the injury. Because of this "an inference may be drawn that they had at least constructive knowledge of the hazard but negligently failed to remove it." *Id*. citing *Straughter v. J.H. Harvey Co.,* 232 Ga.App. 29(1), 30-31(1) 500 S.E.2d 353 (1998).

That Kroger also has at least 25 people working at a given time but claims it cannot spare a single one to help with the garbage is unreasonable.  Curry Depo Page 43.  There is also an argument the garbage cart is being unnecessarily and needlessly traipsed through produce.  The produce aisle is the most ripe for danger with its wet misters, grapes, cherry tomatoes and other slippery and easily disconnected fruits, seeds, and peels; garbage procedure should start in produce

11

rather than end there.  Then also the garbage cart should of course also be utilizing cart straps as Kroger procedure requires so nothing falls and spills as per the Kroger corporate policy.  SMF 8 (Page 38 of Kroger policy and procedure document production requires Cart straps.

Kroger is liable if Kroger had constructive knowledge of the hazard before the fall occurred.  Kroger indisputably had constructive knowledge of the hazard.

Kroger employees would have ad should have discovered and remedied the hazard had they exercised reasonable care in inspecting and cleaning the premises rather than skipping that aisle completely after the garbage cart traversed that aisle. See *Hardee's Food Systems,* supra at 867-868(2)(b), 502 S.E.2d738; *Coffey v. Wal-Mart Stores,* 224 Ga.App. 824, 828(2), 482 S.E.2d 720 (1997).

<u>Recitation of Liability</u>

Plaintiffs can prove:

(1) Defendant had constructive knowledge of the hazard; and

(2) the plaintiff, despite exercising ordinary care for her own personal safety, lacked knowledge of the hazard.

This is the standard for liability from *The Kroger Co. v. Schoenhoff*, 751 SE 2d 438 - Ga: Court of Appeals 2013.  According to *Schoenhoff*, constructive

knowledge may be shown by demonstrating 1) an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition prior to the fall or 2) the hazardous condition had existed for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises

The facts indicate both side of the 'or' are present:

A Kroger employee was in the immediate vicinity of where the fall would soon occur and had an opportunity to correct the hazardous condition prior to the fall AND the hazardous condition had existed for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care monitoring, surveilling, and supervising cleaning and assigning at least two staff members to take out the garbage.  Kroger must make sure to clean up after the garbage cart and / or block the aisle and treat the garbage cart like the potential hazard it is.  Kroger's co-manager Ms. Curry testified Kroger chooses not to cordon off where the garbage goes, chooses not to have at least two guys on garbage duty, and chooses not to follow the garbage cart even when the load is heavier than usual and chooses not to use cart straps.

Choosing not to when you can and should can be considered active negligence.  See *Mock v. Kroger Co.*, 598 SE 2d 789 - Ga: Court of Appeals 2004

13

(*Mock* relies on *Bruno's Food Stores v. Taylor,* 228 Ga. App. 439, 443-444(2),
491 S.E.2d 881 (1997) (physical precedent only), a slip and fall case in which the
plaintiff fell on a water streak left by a cleaning machine and the store had failed to
warn customers it was cleaning.  According to *Mock*, "failing to make sure the
streak of water was promptly and properly removed from the floor, along with the
failure to make sure the yellow "wet floor" signs were properly placed on the floor,
together, would constitute active negligence. *Mock* citing *Lipham v. Federated
Dept. Stores,* 263Ga. 865, 440 S.E.2d 193 (1994) (employee unintentionally
knocking down plaintiff was active negligence); *Greenforest Baptist Church v.
Shropshire,* 221 Ga. App. 465, 471 SE 2d 547 (1996) (allowing church members to
come onto church property and discard two-by-fours into the work area of the
plaintiff is active negligence); *Wade v. Mitchell,* 206 Ga.App. 265, 424 S.E.2d 810
(1992) (employee inflating a tire, which explodes in an open area, was active
negligence); *Ga. Power Co. v. Deese,* 78 Ga.App. 704, 707, 51 S.E.2d 724
(1949) (releasing water from dam was active negligence); *Clinton v. Gunn-Willis
Lumber Co.,* 77 Ga.App. 643, 49S.E.2d 143 (1948) (accumulating large sawdust
pile near power lines was active negligence).

Where the owner/occupier of the premises through malfeasance
(commission of an act wrongful in itself), misfeasance (improper performance of
an act (NO CART STRAPS/One garbage man?)), or nonfeasance (failure to

14

perform an act) creates a reasonably foreseeable danger to an invitee, then knowledge is presumed or imputed to the owner/occupier, because it is the tortfeasor's act or omission that created the danger or allowed the danger to continue unabated or without warning." *Mock*, supra; and see *American Nat. Bank of Brunswick v. Howard,* 117 Ga.App. 834, 161 S.E.2d 838 (1968).

The facts as provided implicate constructive knowledge:  a Kroger employee was in the immediate vicinity of the fall with an opportunity to correct the hazard prior to the fall and according to *Schoenhoff* also provides the alternate basis for constructive knowledge:  the hazardous condition had existed for a sufficient length of time after the garbage cart slopped through that it would have and should have been inspected and discovered and removed had the proprietor exercised reasonable care in inspecting the premises.  Absolutely no one looked after, followed, or cleaned up after the garbage cart man even though he had dropped garbage, was hauling an overloaded cart and was not using cart straps.

The only person reflected on the inspection report roster is a special needs person and Kroger admits it is impossible she was the only inspector, this Kroger was not following its own procedures on multiple fronts.

Defendant cannot overcome the rebuttable presumption that this fall down was caused by its negligence.

15

Conclusion and Prayer for Relief

For all of the above reasons this Honorable Court should grant Plaintiffs'

Motion for Partial Summary Judgment as to Liability.  Constructive knowledge

and then some has been proven.

Respectfully submitted this the 3rd day of June, 2015.

JEFFREY SCOTT, LLP

By:_____Jeffrey E Gewirtz_____
Jeffrey E. Gewirtz, Esq.
Georgia Bar No. 292434
***Counsel for Plaintiffs***

Post Office Box 4668
Routing Number 19024
New York, New York 10163
(678) 613-3807
(888) 387-7132-fax

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that the foregoing pleading complies with the font

and point selections approved by the Court in Local Rule 5.1B. This brief has been

prepared in Times New Roman font, 14 point.

This the 3rd day of June, 2015.        JEFFREY SCOTT, LLP


                                        By:_____Jeffrey E Gewirtz_____
                                            Jeffrey E. Gewirtz, Esq.
                                            Georgia Bar No. 292434
Post Office Box 4668                        *Counsel for Plaintiffs*
Routing Number 19024
New York, New York 10163
(678) 613-3807
(888) 387-7132-fax

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed PLAINTIFF'S MOTION
AND BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY
JUDGMENT with the Clerk of Court using the CM/ECF system which will
automatically send e-mail notification of such filing to the following attorneys of
record

This the 3rd day of June, 2015.        JEFFREY SCOTT, LLP


                                        By:_____Jeffrey E Gewirtz_____
                                            Jeffrey E. Gewirtz, Esq.
                                            Georgia Bar No. 292434
Post Office Box 4668                        *Counsel for Plaintiffs*
Routing Number 19024
New York, New York 10163
(678) 613-3807
(888) 387-7132-fax