# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| JEMIMA MONYENYE BOSIRE, <br> JOHN BOSIRE, minor son, and <br> BERNARD BOSIRE, husband, father, <br><br> Plaintiffs, <br><br> v. <br><br> THE KROGER COMPANY, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | 1:14-CV-02604-ELR |

## O R D E R

This matter is before the Court on Defendant's Motion to Strike Russell J. Kendzior (Doc. No. 46) and Plaintiffs' Motion for Leave to Allow Plaintiffs' Expert Russell Kendzior (Doc. No. 60). For the reasons stated herein, the Court grants Defendant's motion to strike and denies Plaintiffs' motion for leave to allow Mr. Kendzior's testimony.[1]

---

[1] This issue was additionally raised in Defendant's Motion in Limine (Doc. No. 52). Because that motion contains a number of other issues that will be addressed at the motions in limine hearing, the Court only rules on the motion to strike and Plaintiffs' motion for leave to allow Mr. Kendzior.

## I. BACKGROUND

Plaintiffs filed this action following a slip and fall at one of Defendant's stores. Pursuant to Court Order, discovery closed in this case on May 8, 2015. Thereafter, both Plaintiffs and Defendant filed motions for summary judgment. In Defendant's response to Plaintiffs' motion for summary judgment, filed on June 24, 2015, Defendant attached the affidavit of Mr. Scotlon Hughes. The Court ruled on the summary judgment motions on December 14, 2015. One week later, Plaintiffs retained expert Russell Kendzior. Plaintiffs disclosed this expert to Defendant two days later, on December 23, 2015. Plaintiffs did not provide Mr. Kendzior's expert report until January 13, 2016.

## II. DISCUSSION

Defendant argues that Plaintiffs' disclosure of Mr. Kendzior is untimely and that Plaintiffs failed to comply with the Federal Rules governing submission of expert reports. Plaintiffs argue that Mr. Hughes was never disclosed to Plaintiffs and, following the Court's ruling on summary judgment, they felt it necessary to find an individual to rebut claims made by Mr. Hughes.

Local Rule 26.2(C) provides:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the

2

close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

Here, Plaintiffs do not, and cannot, dispute that they did not disclose Mr. Kendzior "sufficiently early in the discovery period" or even during the discovery period at all. Rather, Plaintiffs appear to argue that their failure to comply with the Local Rule is justified based on Defendant's failure to disclose Mr. Hughes.[2]

Even assuming that Mr. Kendzior's testimony is intended to rebut Mr. Hughes's affidavit, the Court finds that Plaintiffs' failure to identify their expert sooner was not justified.[3] Indeed, Plaintiffs were aware of Mr. Hughes, and his affidavit, as early as June 24, 2015, roughly six months before Mr. Kendzior was retained. Rather, the only new development was that the Court ruled on the pending motions for summary judgment and cited to Mr. Hughes's affidavit.

---

[2] Plaintiffs do argue that they complied with Federal Rule 26 by disclosing the expert more than 90 days in advance of trial. However, Federal Rule 26(a)(2)(D) plainly states that the 90 day time frame applies only in the absence of court order. Here, the Court ordered that discovery closed May 8, 2015, and that no further extensions would be granted. Moreover, Plaintiffs plainly failed to comply with Federal Rule 26 by disclosing their expert without the required report.

[3] Plaintiffs contend that Mr. Kendzior will assist the trier of fact in answering questions "regarding the reasonableness and intensity of Kroger's staff in carrying out inspections . . . ." (Doc. No. 60 at 4.) However, Mr. Hughes is not an expert witness in this case. Rather, he provided general information, as a Kroger employee, regarding (1) Defendant's safety program; (2) whether the Kronos system for documenting floor sweeps was functioning on the day in question; and (3) whether cart straps are required when transporting trash throughout a store. At no point does Mr. Hughes opine as to the reasonableness or adequacy of the floor sweeps in this case.

3

Because Plaintiffs were plainly on notice of Mr. Hughes's testimony months ago, any failure to address that testimony sooner was not justified. Accordingly, Mr. Kendzior is due to be excluded as an expert. See Williams v. Energy Delivery Servs., Inc., No. 1:04-cv-3101-CC, 2005 WL 5976570, at *3 (N.D. Ga. Sept. 6, 2005) (excluding expert testimony where the Plaintiffs failed to show their non-compliance with Local Rule 26.2 was justified, and listing cases holding the same).

Plaintiffs additionally argue that Defendant should not be able to claim prejudice by the late disclosure, where it was Defendant's failure to disclose Hughes that led to the late disclosure. However, as the Court in Williams held, "Local Rule 26.2(C) does not require that Defendant[] demonstrate prejudice in order to have Mr. [Kendzior] excluded as an expert witness." Id.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Strike (Doc. No. 46) and **DENIES** Plaintiffs' Motion for Leave to Allow Plaintiffs' Expert Russell Kendzior (Doc. No. 60).

**SO ORDERED** this 17th day of March, 2016.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

4